MICHAEL I. GOWDEY, ESQ.
Nevada Bar No. 6994
Law Offices of Michael I. Gowdey, Ltd.
815 S. Casino Center Blvd.
Las Vegas, NV 89101
Attorney for Plaintiff
ZIPORA KELLER

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
-oOo-

ZIPORA KELLER, an Individual,

    Plaintiff,

vs.

GEICO GENERAL INSURANCE CO.; DOE INDIVIDUALS I-X, ROE ENTITIES I-X, inclusive,

    Defendants.

Case No.: 2:20-cv-02335-RFB-BNW

## STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER
## (SUBMITTED IN COMPLIANCE WITH LOCAL RULE 26-b)

IT IS HEREBY STIPULATED AND AGREED, by and between the Plaintiff, ZIPORA KELLER, by and through her undersigned counsel, MICHAEL I. GOWDEY, ESQ., and the Defendant, GEICO GENERAL INSURANCE CO., by and through its undersigned counsel, WAYNE M. HANSARD, ESQ., who hereby submit this stipulated Discovery Plan and Scheduling Order.

**DESCRIPTION OF ACTION:** This is a Breach of Contract/Insurance Bad Faith and Statutory Violations action with State Law claims. The Defendant denies all claims for relief.

**PROPOSED DISCOVERY PLAN:**

1. The parties conducted a Fed. R.Civ.P.26(f) conference on May 12, 2021. Pursuant to the

Fed.R.Civ.P.26(f) conference, the parties agree that they will submit their initial disclosures on or before June 20, 2021.

    2. Estimated time for discovery: Discovery will take the presumptive discovery period of 180 days from the date of the Rule 26(f) conference. The discovery deadline shall be November 12, 2021.

    3. Amendment of Pleadings and Addition of Parties: Unless otherwise ordered by the Court, the date for filing motion to amend the pleadings or to add parties shall not be later than 90 days prior to the discovery cut-off date; which in this matter is not later than August 12, 2021.'

    4. The disclosure of experts and expert reports shall occur on or before September 12, 2021, which is 60 days before the discovery cut-off date; and the disclosure of rebuttal experts and their reports shall occur on or before October 12, 2021, which is 30 days after the expert disclosure deadline.

    5. Interim Status Report: On or before August 12, 2021, the parties shall file an interim status Report as required by LR 26-3,s tating the time required for trial, three alternative dates of trial, and whether or not trial will be proceeding or affected by substantive motions.

    6. The parties shall have until December 12, 2021 to file dispositive motions. This deadline date is requested at 30 days following close of discovery.

    7. The pretrial order shall be filed by January 12, 2022, which is not more than thirty (3) days after the date set for filing dispositive motions in the case. This deadline is suspended if dispositive motions are timely filed, an, in such case, the deadline for filing the pretrial order shall be 30 days after decision on said dispositive motions, or by further order of the Court. Fed.R.Civ.P.26(a)(3) Disclosures: the disclosures required by Fed.R.Civ.P. Rule 26(a)(3), and any objections thereto, shall be included in the pretrial order.

    8. Stipulations regarding limitations or conditions of additional discovery:

a. Parties shall engage in all permissible discovery as allowed under FRCP and local rules.

9. Electronic Evidence: The parties certify that they discussed whether they intend to present Evidence in electronic format to jurors for the purpose of jury deliberations. The parties agree to produce electronically-stored evidence in either paper or .pdf format. Should a party believe an alternate format is needed, counsel shall engage in personal discussions to attempt to agree on an alternat format to meet the party's concerns.

10. Extension of Modifications of the Discovery Plan and Scheduling Order: Applications or motions to extend the discovery plan dates shall comply with the requirements of LR 26-4 and shall be filed not later than 21 days prior to the particular deadline sought to be extended. The motion or stipulation shall include:

    a. A statement specifying the discovery completed to date;

    b. A specific description of the discovery which remains to be completed;

    c. The reasons why remaining discovery was not completed within the time limits of the existing discovery deadline;

    d. A proposed schedule for the completion of remaining discovery.

11. Settlement: The undersigned attorneys affirm that they have discussed possible settlement of this action as well as the use of extrajudicial procedures or alternative methods of dispute resolution to resolve this case.

12. Alternate Forms of Case Disposition: The parties have considered consenting to trial by a Magistrate judge under 28 U.S.C. Section 636© and Fed.R.Civ.P 73, and the use of the Short

///

///

///

///

3

Trial Program (General Order 2013-01).

| | |
|---|---|
| /s/ Michael I. Gowdey<br>MICHAEL I. GOWDEY, ESQ.<br>Nevada Bar No. 6994<br>Law Offices of Michael I. Gowdey, Ltd.<br>815 S. Casino Center Blvd<br>Las Vegas, NV 89101<br>Attorney for Plaintiff<br>ZIPORA KELLER | /s/ Wade M. Hansard<br>WADE M. HANSARD, ESQ.<br>Nevada Bar No. 8104<br>McCormick, Barstow, Sheppard, Wayne<br>And Carruth, LLP.<br>8337 W. Sunset Road, Ste 350<br>Las Vegas, NV 89133<br>Attorney for Defendant<br>GEICO GENERAL INSURANCE CO. |
| Dated: 06/28/21 | Dated 06/28/21 |

## ORDER

**IT IS SO ORDERED**

**DATED:** 11:56 am, July 02, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**